UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

FILED

20. DEC -7 P 1: 54

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY _____
DEPUTY

UNITED STATES OF AMERICA,

    Plaintiff,

v.

                      CRIM. NO. SA-04-CR-425OG

RICARDO SAENZ (9)

    Defendant.

## PLEA AGREEMENT

The United States of America, by and through its undersigned attorney, and the Defendant, Ricardo Saenz, individually and by and through Michael Morris, Attorney for the Defendant, hereby enter into the following plea agreement in the above-referenced cause:

### 1. Defendant's Agreement to Plead Guilty:

The Defendant agrees to plead guilty to:

**Count One** of the Indictment in this cause, which charges the Defendant with **Conspiracy to Distribute and to Possession with Intent to Distribute ~~Herein~~ Cocaine more (which involved one kilogram or more**, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A), and 846; and

The Government will move to dismiss the remaining counts against the Defendant after the Defendant has been sentenced pursuant to this agreement.

### 2. Punishment to be Imposed:

The Defendant understands that the sentence imposed in his case will be determined by application of the United States Sentencing Guidelines. The Defendant stipulates that no person has specifically promised what sentence the Defendant will receive. The Defendant understands that the punishment that could be imposed for the crime(s) to which the Defendant is pleading guilty is:



**COUNT ONE:**

     **(1) 10 years to life imprisonment;**

     **(2) a maximum fine of $4,000,000;**

     **(3) a minimum-mandatory term of supervised release of 5 years; and**

     **(4) a mandatory $100.00 special assessment pursuant to the Victims of Crimes Act.**

The Defendant acknowledges that the Defendant has discussed this range of punishment with the Defendant's attorney, and still wants to plead guilty in this case.

### 3. Factual Basis for Plea:

The Defendant agrees and stipulates as part of this plea agreement to the following facts:

On the date of the Defendant's arrest in this cause, August 19, 2004, and the days preceding his arrest, the Defendant was an ASSOCIATE of an organization known as Mexikanemi or the Texas Mexican Mafia. The Texas Mexican Mafia operates principally out of San Antonio, Texas and distributes narcotics including heroin and cocaine. The organization also controls the distribution of narcotics by restricting the right to sell narcotics to those who pay an extortion "tax" to the Texas Mexican Mafia.

The MJM co-conspirators acquired large quantities of heroin and cocaine throughout the period of the conspiracy alleged in Count One of the Indictment. The heroin and cocaine were then allotted to other members of the Texas Mexican Mafia and the members would distribute the drugs for profit. During the course of this conspiracy, its members distributed well over one hundred and fifty kilograms of cocaine and well over thirty kilograms of heroin.

In addition to direct distribution of heroin and cocaine as described above, Texas Mexican Mafia also controlled the distribution of heroin and cocaine through its imposition of a "tax" on all the illegal proceeds from drug sales by drug dealers. The membership of the Texas Mexican Mafia used violence to collect the tax and any dealer who did not pay the tax was not permitted to sell drugs, including heroin and cocaine. The tax collected by the Texas Mexican Mafia were financial transactions that affected interstate and foreign commerce. The tax collected by the Texas Mexican Mafia was used to obtain cocaine and heroin for the Texas Mexican Mafia for distribution and to maintain the Mafia generally so it could continue to distribute heroin and cocaine and could continue to collect the tax.

In the course of the investigation that led to the present indictment, the Defendant distributed heroin and possessed heroin with intent to distribute. These acts were in furtherance of the conspiracy to distribute heroin alleged in Count One of the Indictment.

The Defendant agrees and stipulates that the allegations in Count One of the Indictment are true and that he is guilty of that offense.

2

## 4. Defendant's Waiver of Right to Appeal or Challenge Sentence:

The Defendant is aware that the Defendant's sentence to be imposed does not provide for parole. Knowing these facts, the Defendant agrees that this Court has jurisdiction and authority to impose any sentence within the statutory maximum set for the Defendant's offense, including a sentence determined by reference to the Guidelines, and the Defendant expressly waives the right to appeal the Defendant's sentence on any ground, including any appeal right conferred by 18 U.S.C. §3742; provided, however, that this waiver does not extend to the Defendant's right to appeal any upward departure pursuant to U.S.S.G. § 5K2.0 from the Guideline range found by the District Court. Similarly, the Defendant agrees not to contest the Defendant's sentence or the manner in which it was determined in any post-conviction proceeding, including, but not limited to, a proceeding under 28 U.S.C. §2255; provided, however, that consistent with principles of professional responsibility imposed on the Defendant's counsel and counsel for the Government, the Defendant does not waive the Defendant's right to challenge his sentence to the extent that it is the result of a violation of the Defendant's constitutional rights based on claims of ineffective assistance of counsel or prosecutorial misconduct of constitutional dimension.

The Defendant waives his rights to challenge the sentence imposed, knowing that the Defendant's sentence has not yet been determined by the Court. The Defendant is aware that any estimate of the probable sentencing range that the Defendant may receive from his counsel, the Government or the probation office, is not a promise, did not induce the Defendant's guilty plea or this waiver and is not binding on the Government, the probation office, or the Court. In other words, the Defendant understands that he cannot challenge the sentence imposed by the District Court, even if it differs substantially from any sentencing range estimated by the Defendant's attorney, the

3

attorney for the Government or the Probation Officer. Realizing the uncertainty in estimating what sentence he will ultimately receive, the Defendant knowingly waives his right to appeal the sentence or to contest it in any post-conviction proceeding in exchange for the concessions made by the Government in this agreement. The Defendant stipulates that he has consulted with his attorney as to the effect of this waiver.

However, pursuant to Rule 11(e)(C) of the Federal Rules of Criminal Procedure, the parties agree that the appropriate disposition of this case is a sentence of **fifteen (15)** years imprisonment. The parties understand that this agreement is binding on the Court once the Court accepts the agreement. The Defendant shall be allowed to withdraw his plea of guilty if the Court imposes a sentence greater than fifteen years.

## 5. Defendant's Acknowledgment of Effective Assistance of Counsel:

The Defendant acknowledges that he has reviewed the merits of the charges and all possible defenses that he may have with his attorney, including his right to file a motion to suppress requesting the court to rule on the legality of his arrest and the seizure of any evidence to be used in this case. The Defendant acknowledges that he has had sufficient time to consult with his attorney on these matters, and he believes he has received effective assistance of counsel. The Defendant knowingly waives his right to file such pretrial motions, and/or to have a hearing on any such pretrial motion, and to have a trial on the charges brought against him in this case.

## 6. Government's Agreement:

In exchange for the Defendant's agreement, as set forth above, the United States Attorney for the Western District of Texas and counsel for the Defendant agree that the appropriate disposition of this case is a sentence of **fifteen (15)** years imprisonment. Pursuant to Rule 11(e)(C) of the

4

Federal Rules of Criminal Procedure, the parties have reached the following binding agreement: the Defendant shall not ask the Court to impose a sentence of less than fifteen years imprisonment, and the Government shall not ask the Court to impose a sentence of more than fifteen years imprisonment. The parties understand that this agreement is binding on the Court once the Court accepts the agreement.

**7. Reservation of Rights:**

The Government and Defendant each reserve the right to: (1) bring its version of the facts of this case to the attention of the probation office in connection with that office's preparation of a pre-sentence report; (2) dispute sentencing factors or facts material to sentencing in the pre-sentence report; and (3) seek resolution of such factors or facts in conference with opposing counsel and the United States Probation Office. All parties reserve full rights of allocution as to the appropriate sentence the Defendant should receive, unless otherwise provided above. This constitutes the entire agreement between the parties.

DATE: _11-29_, 2004

JOEY CONTRERAS
Assistant U.S. Attorney

DATE: _01 DEC_, 2004

MICHAEL MORRIS
Attorney for Defendant

. I HAVE READ (OR HAD READ TO ME) THE ABOVE PLEA AGREEMENT IN ITS ENTIRETY AND AGREE TO THE TERMS SET FORTH IN IT. ADDITIONALLY, I HAVE READ (OR HAD READ TO ME) THE FACTUAL BASIS CONTAINED HEREIN AND AGREE TO THE FACTS SET FORTH IN THE FACTUAL BASIS.

DATE: _01 DEC_, 2004

RICARDO SAENZ
Defendant

5